**FARMERS PRODUCE EXCHANGE NO. 202, Appellant,**

v.

**Larry MUDD and Carolyn Mudd, d/b/a Post Oak Holsteins, Respondent.**

**No. WD 34688.**

Missouri Court of Appeals, Western District.

April 24, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 29, 1984.

Application to Transfer Denied July 17, 1984.

Andrew J. Gelbach, Warrensburg, for appellant.

J. Kirk Rahm, Warrensburg, Rahm, Rahm & Dandurand, Alan J. Downs, Jefferson City, for Labor & Industrial Relations Commission.

Before TURNAGE, C.J., and KENNEDY and SWOFFORD, JJ.

TURNAGE, Chief Judge.

Farmers Produce Exchange brought suit against Larry Mudd and Carolyn Mudd, d/b/a Post Oak Holsteins, on an account. The parties stipulated that Larry Mudd was indebted to Farmers in the amount of $15,569.70. The parties agreed to submit to the court the single issue of whether or not Carolyn Mudd was liable to Farmers on the account. The court held there was insufficient evidence to establish Carolyn's

liability, and entered judgment in her favor and against Larry for the agreed amount.

Farmers contends that it sued Larry and Carolyn as a partnership and that under Rule 55.14 partnership was deemed confessed when it was not specifically denied in the answer. Therefore, Farmers asserts that the court should have entered judgment against Carolyn as well as against Larry. Reversed and remanded.

As noted, the suit was filed against Larry Mudd and Carolyn Mudd, d/b/a Post Oak Holsteins. The question of whether or not this is a sufficient averment of a partnership was answered in *Wilbur Waggoner Equipment Rental and Excavating Company, Inc. v. Bumiller*, 542 S.W.2d 32, 40 (Mo.App.1976). There the court quoted from *Hatton v. Sidman*, 169 S.W.2d 91, 99[10] (Mo.App.1943), to the effect that where the parties were sued jointly as individuals doing business as Sidman & Son, the parties were sued as partners. In *Waggoner* the court also held that a suit against individuals doing business as B & B Building Materials and Hart Wrecking Company was a sufficient averment of a partnership. The facts in this case are virtually identical to those in *Waggoner* since Larry and Carolyn were sued in their individual names doing business as Post Oak Holsteins. It follows that Larry and Carolyn were sued as partners.

Under Rule 55.14, when parties are sued as a partnership and the names of the partners are set forth, the existence of the partnership shall be deemed confessed unless it be denied by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleaders' knowledge. The parties answered in this case with a general denial, not with a specific negative averment concerning a partnership. Thus, at the time this case was submitted the existence of a partnership between Larry and Carolyn stood confessed. There is no dispute as to the amount of the account nor as to whether the items constituting the account were used in the partnership business. The court should have found that the amount was owed by the partnership of Larry and Carolyn, and that Carolyn, as partner, was liable to Farmers.

The judgment in favor of Carolyn is reversed and this cause is remanded with directions to enter judgment in the amount of $15,569.70 against Larry and Carolyn Mudd as partners d/b/a Post Oak Holsteins.

All concur.